Anna Y. Park, SBN 164242 (CA)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1077
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON GAMING CORPORATION dba SAHARA HOTEL & CASINO, STOCKBRIDGE/ SBE HOLDINGS, LLC dba SAHARA HOTEL & CASINO, and DOES 1-5, Inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT - CIVIL RIGHTS, EMPLOYMENT DISCRIMINATION AND RETALIATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Egyptian) and to provide appropriate relief to Ezzat Elias ("Charging Party"), who was adversely affected by such practices. Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), alleges that Defendants Gordon Gaming Corporation dba Sahara Hotel & Casino,

1   Stockbridge/SBE Holdings, LLC dba Sahara Hotel & Casino, and Does 1-5

2   ("Defendants") discriminated against Charging Party by subjecting him to

3   harassment based on his national origin.  Plaintiff further alleges that Defendants

4   were aware of the discriminatory conduct by Charging Party's coworkers and

5   supervisors but failed to take adequate steps to prevent it from continuing, resulting

6   in a hostile work environment.  Plaintiff further alleges that Defendants subjected

7   Charging Party to retaliation for engaging in protected activities regarding the

8   hostile work environment.  Such protected activities included and were not limited

9   to filing union grievances, filing a Charge of Discrimination, and participating in

10  Defendants' internal complaint procedures.  Plaintiff alleges that Defendants

11  subjected Charging Party to adverse employment actions including but not limited

12  to unwarranted, increased, and disproportionate discipline, and harassment.

## JURISDICTION AND VENUE

13

14      1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331,

15  1337, 1343 and 1345.

16      2.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of

17  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e-5(f)(1)

18  and (3) ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

19      3.  The employment practices alleged to be unlawful were committed within

20  the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

21

22      4.  Plaintiff EEOC is the agency of the United States of America charged

23  with the administration, interpretation, and enforcement of Title VII; and is

24  expressly authorized to bring this action under Section 706(f)(1) and (3) of Title

25  VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

26      5.  At all relevant times alleged herein, Defendants were and have been

27  continuously doing business in the State of Nevada and in Clark County and each

28  have continuously employed at least fifteen (15) employees.

6.  At all relevant times alleged herein, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h).

7.  Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 - 5, inclusive.  Therefore, Plaintiff sues Defendants DOES 1 - 5, inclusive by such fictitious names.  Plaintiff reserves the right to amend the complaint to name the DOE defendants individually or corporately as they become known.  Plaintiff alleges that each of the defendants named as DOES was in some manner responsible for the acts and omissions alleged in this Complaint and Plaintiff will amend the Complaint to allege such responsibility when the identity of the defendant is ascertained by Plaintiff.

8.  All of the acts and failures to act alleged herein were duly performed by and attributable to each defendant, acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each defendant participated in, approved and/or ratified the unlawful acts and omissions by other defendants as stated in this Complaint.  Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

9.  It is further alleged on information and belief that the unnamed defendants in the Complaint are alter egos, joint employers, and/or integrated enterprises of the named Defendants.

**STATEMENT OF CLAIMS**

10.  More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the EEOC alleging violations of Title VII by Defendants. The EEOC issued a Letter of Determination finding that Charging Party was

subjected to unlawful employment discrimination based upon his national origin, Egyptian and retaliation, in violation of Title VII.  Prior to instituting this lawsuit, the EEOC investigated and attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §  2000e-5(b).  All conditions precedent to the institution of this lawsuit have been fulfilled.

11.  Since at least January 2005, Defendants have engaged in unlawful employment practices creating a hostile work environment at the Sahara Hotel and Casino located Las Vegas, Nevada in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) by subjecting Charging Party to employment discrimination based on his national origin, Egyptian.  Charging Party, who worked as a steady kitchen runner, was subjected to repeated harassment based on his national origin by supervisors and co-workers.  The harassment included offensive comments, slurs, and epithets, such as being called "Bin Laden," "Taliban," and "f ____ Egyptian; and being told to "go back to Egypt." Charging Party also was targeted with graffiti, which he was forced to wash off.  Despite Charging Party's repeated complaints of harassment, Defendants failed to take effective measures to stop the harassment. Instead, Defendants retaliated against him, which included disciplinary write-ups and suspension.

12.  The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his employment status, under Sections 702(a)and  703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), because of his national origin, Egyptian and because he engaged in protected activities.

13.  The unlawful employment practices complained of above were intentional.

14.  The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

15.  As a direct and proximate result of the aforesaid acts of Defendants, Charging Party has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and damages, according to proof.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of national origin and from engaging in any retaliatory employment practices.

B.  Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all applicants regardless of national origin and which will eradicate the effects of its past and present unlawful employment practices.

C.  Order each Defendant to make whole Charging Party by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, discrimination on the basis of national origin and retaliation.

D.  Order each Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses, if any, including backpay, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

//
//
///

1     E.  Order each Defendant to make whole Charging Party by providing

2    compensation for past and future nonpecuniary losses resulting from the unlawful

3    practices complained of above, including, but not limited to emotional pain,

4    suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to

5    be determined at trial.

6     F.  Order each Defendant to pay Charging Party punitive damages for its

7    malicious and reckless conduct based on the facts above, in amounts to be

8    determined at trial.

9     G.  Grant such further relief as the Court deems just and proper in the public

10   interest.

11    H.  Award the Commission its costs of this action.

12

13              **JURY TRIAL DEMAND**

14    The Commission requests a jury trial on all questions of fact raised by its

15   complaint.

16

17                      JAMES LEE,
                          Deputy General Counsel

18

19                      GWENDOLYN YOUNG REAMS,
                          Associate General Counsel

20

21                      U.S. EQUAL EMPLOYMENT
                          OPPORTUNITY COMMISSION

22                      131 M Street, NE

23                      Washington, DC 20507

24  Dated:  July 22, 2009          BY:

25                      ANNA Y. PARK,

26                      Regional Attorney
                          U.S. EQUAL EMPLOYMENT

27                      OPPORTUNITY COMMISSION
                          255 East Temple St., 4th Floor

28                      Los Angeles, CA  90012