# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
               )
         Plaintiff, )  Case No.: 2:09-cv-01356-PMP-RJJ
               )
vs. )  **ORDER**
               )
GORDON GAMING CORPORATION, *et al.*, )
               )
         Defendants. )
_____)

    The court conducted an Early Neutral Evaluation on February 25, 2010. The parties made significant progress in discussing a potential settlement and the court set a telephonic status hearing with counsel on March 4, 2010. At the March 4, 2010 status conference, the parties related the progress of their settlement negotiations. The parties had agreed on an amount to be paid to the charging party, but there were ongoing negotiations concerning the remaining settlement terms. The court discussed potential avenues for resolution and continued a telephonic status hearing with counsel until March 18, 2010.

    At the March 18, 2010 status conference, the parties had made further progress towards settlement and believed they were in accord concerning the terms of injunctive relief. However, they had still not resolved their differences concerning a proposed charitable contribution and Defendants' request for a confidentiality and non-disclosure agreement. The court discussed possible resolution of these two points of dispute. Counsel agreed to speak with their respective clients to seek authority for the proposed resolutions discussed. However, they needed an opportunity to discuss the proposed terms with their respective clients. The court therefore required the parties to report the status of their additional efforts at 4:30 p.m. The parties reported additional progress had been made at the 4:30 p.m. status conference. Counsel for the EEOC agreed to draft the proposed settlement and release

documents and circulate them to counsel for their review and comment. The court therefore continued a telephonic status conference until Monday, April 19, 2010.

At the April 19, 2010 status conference, counsel related that the EEOC had forwarded a proposed consent decree. Ms. Zucker was out of town when it was received and had only recently forwarded it to her clients for their review and comments. Ms. Youchah discussed the proposed consent decree with her client and made some proposed changes which were forwarded to the EEOC the date of the status conference. Counsel expected that it would take approximately three weeks for the parties to review the consent decree and proposed changes with their respective clients for final approval. The court indicated that the matter would remain in the ENE program for that three weeks. However, if the parties had been unable to finalize their settlement by May 10, 2010, that this case would be referred back to the normal litigation track.

On May 10, 2010, counsel called chambers to indicate that they have still not finalized their settlement agreement. Accordingly,

**IT IS ORDERED** that this case is referred back to the normal litigation track.

Dated this 12th day of May, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE